UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ROMNEY C. ELLIS,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN DAVID PAUL,<br><br>    Respondent. | Civil Action No. 5:23-090-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Earlier this year, while Romney C. Ellis was incarcerated at the Federal Medical Center (FMC) in Lexington, Kentucky, he filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. In that petition, Ellis argued that the Federal Bureau of Prisons (BOP) was incorrectly calculating his release date because it was not awarding him certain credits he earned pursuant to the First Step Act (FSA). [*See id.*]. The Court reviewed Ellis's submission pursuant to 28 U.S.C. § 2243 and concluded that further briefing was required to resolve his claims. [R. 4]. Thus, the Court ordered the Warden at FMC – Lexington to respond to Ellis's petition. [*Id.*].

The United States Attorney's Office for the Eastern District of Kentucky responded to Ellis's petition on behalf of the Warden. [*See* R. 17]. The U.S. Attorney's Office said that the BOP reviewed Ellis's claims and awarded him certain FSA time credits for which he was entitled. [*Id.*]. As a result of the BOP's review, the U.S. Attorney's Office indicated that Ellis's release from federal prison was imminent, as it was "moved up to July 1, 2023," which was just days later. [*Id.* at 2]. The U.S. Attorney's Office concluded that there remained no viable controversy because

Ellis "received the Federal Time Credit he has requested. As such, the matter is moot and should be dismissed." [*Id.* at 12].

In light of that filing from the U.S. Attorney's Office, the Court directed Ellis to file a reply brief explaining whether he agreed that the matter was now moot and, if not, what controversy remained. [*See* R. 18]. Ellis was then released from federal prison, consistent with the BOP's review, *see* BOP Inmate Locator, at https://www.bop.gov/inmateloc/ (last visited on September 26, 2023), and he subsequently moved to Indianapolis, Indiana. [*See* R. 22-1 at 1]. Nevertheless, one month later, Ellis filed a reply brief arguing that the U.S. Attorney's Office's brief was "erroneously based on the incorrectly determined data and calculation of prison officials" and claiming that this "matter is not moot." [R. 22]. Thus, Ellis's petition remains pending.

This Court has fully reviewed the parties' filings and will deny Ellis's present § 2241 petition as moot, though this decision does not prevent Ellis from seeking relief from the United States District Court for the Middle District of Florida—i.e., the federal court that sentenced him. At bottom, a federal prisoner may file a § 2241 petition and argue that he is being held in custody in violation of the Constitution or laws of the United States. When Ellis first filed his § 2241 petition, he was incarcerated in this district and claimed he was being unlawfully held here because the BOP was miscalculating his release date. However, the BOP reviewed Ellis's claims, awarded him time credit he was seeking, and released him from federal custody. And now, Ellis, who was convicted and sentenced in the Middle District of Florida, lives in Indianapolis, Indiana. Thus, Ellis no longer has any connection to this district, and he is certainly no longer in custody here. Therefore, Ellis's § 2241 petition—in which he asked to be released from the custody of the Warden at FMC – Lexington—is moot.

Beyond Ellis's claim that he should have been released from federal prison, he fails to state any additional viable claims. The Court recognizes that, in Ellis's § 2241 petition, he alternatively requested "monetary compensation" for time "spent in confinement passed [sic] what would have been my FSA release date." [R. 1 at 8]. However, federal courts have made it clear that money damages are a remedy generally unavailable to a habeas claimant. *See, e.g., Sinkfield v. Paul*, No. 5:22-cv-034-CHB, 2022 WL 2704833, at *3 (E.D. Ky. 2022) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)); *see also Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023); *Marine v. Quintana*, 347 F. App'x 736, 737 (3d Cir. 2009). Thus, Ellis's alternative request for monetary relief is unavailing.

Finally, it is worth noting that, as best as the Court can tell, Ellis does *not* argue that the FSA credit he claims he earned should be applied to reduce his remaining term of supervised release. Nevertheless, even if this Court broadly construed Ellis's submissions as asserting such an argument, he cites no legal authority to support it, let alone case law that requires this Court, which did not impose Ellis's sentence, to reach out and reduce the term of his supervised release. In fact, if anything, it appears that the balance of the case law on point suggests that such a claim is not cognizable via § 2241. *See, e.g., Orasco v. Yates*, No. 2:22-cv-156, 2022 WL 18027627, at *3 n.4 (E.D. Ark. Dec. 12, 2022); *Harrison v. Fed. Bureau of Prisons*, No. 22-14312, 2022 WL 17093441, at *1 (S.D. Fla. Nov. 21, 2022).

One federal district court case is illustrative. *See Puccio v. Ortiz*, No. 22-5138, 2022 WL 4468599, at *1 (D. N.J. Sept. 23, 2022). In *Puccio*, the United States District Court for the District of New Jersey explained that while a petitioner filed a *pro se* § 2241 seeking additional credits under the FSA, his claim was moot in light of his release from federal prison. *Id.* at *1. The court then added that, "if Petitioner now wishes to argue that the Court can *directly* reduce his term of

3

supervised release, the Court disagrees. Generally, a prisoner may seek modification of his sentence by filing a motion to reduce sentence before his sentencing court. . . . Petitioner's sentencing court is the Western District of Virginia, not the District of New Jersey." *Id.* Similarly, to the extent that Ellis wants to seek a modification of his sentence, he may do so by filing a motion with his sentencing court, the United States District Court for the Middle District of Florida.

Accordingly, it is **ORDERED** as follows:

1. Ellis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**. That said, this decision does not prevent Ellis from seeking further relief from the United States District Court for the Middle District of Florida, the court that imposed his underlying sentence.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 27th day of September, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY